UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Kera Carter,

    Debtor.

_____/

Case No.: 17-49794
Chapter 7
Hon. Mark A. Randon

G&H Customs, LLC,

    Plaintiff,

v.

Kera Carter,

    Defendant.

_____/

Adversary Proceeding
Case No.: 17-04706

**OPINION AND ORDER: (1) GRANTING DEBTOR'S
MOTION TO SET ASIDE THE CONSENT JUDGMENT; AND
(2) DENYING G&H'S MOTION FOR SANCTIONS**

**I.    INTRODUCTION**

To protect the public from incompetent, inexperienced, and fly-by-night contractors, Michigan law prohibits unlicensed contractors from placing liens on property and suing homeowners for unpaid repairs. Violating the law carries serious consequences: The Michigan Attorney General is authorized to take legal action against unlicensed contractors; fines of between $5,000.00 and $25,000.00 must be assessed; and the contracts of unlicensed contractors are voidable. Unlicensed contractors that perform covered work may also face criminal prosecution. Depending on the number of

1

violations, a sentence of between one and four years may be imposed.

Earnest Lea owns G&H Customs, LLC, a home improvement company. G&H is not a licensed company, and Lea is not a licensed contractor. But that didn't stop them from acting like they were: G&H performed contracted fire-restoration repair work for Kera Carter ("Debtor"); placed a lien on her home after a payment dispute arose; and sued her in state court for money damages. Debtor also says Lea told her he *was* licensed. Facing G&H's lawsuit and other debts, Debtor filed Chapter 7 bankruptcy.

G&H filed an adversary proceeding alleging the debt was nondischargeable. G&H's complaint did not seek a money judgment. However, without knowing Lea was unlicensed, Debtor consented to a nondischargeable money judgment.

Two months later, Debtor discovered the truth. But it was too late–G&H used the consent judgment to obtain a state court money judgment for the same amount.

Debtor's Rule 60(b)(3) motion to set aside the consent judgment is pending. The Court held an evidentiary hearing on April 11, 2019. Debtor testified credibly, and the Court admitted several exhibits. Because Debtor presented clear and convincing evidence that G&H, through Lea, engaged in fraud and misconduct that adversely affected the fairness of the proceedings, the Court **GRANTS** Debtor's motion to set aside the consent judgment.

The Court also **DENIES** G&H's motion for sanctions.

## II. STATEMENT OF FACTS

After Debtor's home caught fire in 2014, she hired G&H to repair the damage at a

contractually-agreed price of $76,529.57. G&H received $54,523.51 from Allstate, Debtor's insurance company. Allstate sent Debtor a second check for $13,508.08, payable to G&H. G&H never received that payment: It alleges Debtor fraudulently signed its name on the check and converted the funds to her own use.[1]

Although Lea and G&H were unlicensed, G&H put a lien on Debtor's home and sued her in Oakland County Circuit Court to collect the balance owed. Debtor filed Chapter 7 bankruptcy.[2]

In the adversary proceeding, G&H sought a determination that the debt was nondischargeable because of Debtor's alleged fraudulent activity. The parties settled the proceeding through a nondischargeable consent judgment against Debtor for $29,000.00 or $35,000.00, depending on the outcome of the state court litigation. The adversary proceeding was closed on February 15, 2018.

Weeks later, G&H moved for entry of a judgment against Debtor in state court. During the hearing, G&H's lawyer urged the court to enforce the consent judgment:

> In the bankruptcy court, Defendant Carter [Debtor] stipulated to a judgment of $29,000.00 against her in favor of Plaintiff, G & H Customs, and there is an order signed by the bankruptcy court judge reflecting that.

---

[1]G&H also alleges Debtor converted a second check, payable to G&H, for $8,426.00.

[2]G&H also operates under the name G&H Construction Company. But, there is no evidence that this company is licensed, either.

> So our presence here today is to ask this Court to enter a judgment in this case against – against Defendant Carter, to close this case, and allow us to collect on the judgment from the bankruptcy court.

The state court judge then entered a $29,000.00 judgment against Debtor, finding:

> I'm satisfied that reviewing the order of the bankruptcy judge, it's clear the parties agreed by way of stipulation, and the amount specifically noted was the $29,000, and there was an alternative amount given. You – that's the Court's ruling; the motion is granted.[3]

Debtor has been paying G&H $250.00 per month on the judgment since October 2018.

Debtor moved to reopen the adversary proceeding. The Court granted the motion, but indicated Debtor needed to file a Rule 60(b) motion before it would consider whether she could be relieved from a consent money judgment that G&H would not, otherwise, have been able to obtain in state court.[4] Debtor's Rule 60(b) motion is pending.[5]

### III. ANALYSIS

#### A. *Debtor's Motion to Set Aside the Consent Judgment*

##### 1. **Licensing Requirements in Michigan**

---

[3] The complete transcript of the state court proceeding can be found at docket number 45.

[4] This order can be found at docket number 22.

[5] Debtor's motion was based on Rules 60(b)(1), (b)(3), (b)(4), and (b)(6). The Court ruled at the hearing on February 25, 2019, that the only plausible argument was Rule 60(b)(3).

4

A "residential builder" is a person who contracts with a homeowner to erect, construct, replace, repair, alter, add to, delete from, improve, wreck, or demolish a residential structure for a fixed price. MICH. COMP. LAWS § 339.2401(a).

A "residential maintenance and alteration contractor" is a person who contracts with a homeowner to repair, alter, add to, delete from, improve, wreck, or demolish a residential structure for a fixed price. MICH. COMP. LAWS § 339.2401(b).

With very limited exceptions–not applicable here–residential builders and residential maintenance and alteration contractors are *required* to have a license.[6] MICH. COMP. LAWS § 339.601(1) ("[a] person *shall not* engage in or attempt to engage in the practice of an occupation regulated under this act or use a title designated in this act *unless the person possesses a license* or registration issued by the department for the occupation") (emphasis added). A person who violates this subsection may be guilty as follows:

(a) In the case of a first offense, a misdemeanor punishable by a fine of not less than $5,000.00 or more than $25,000.00, or imprisonment for not more than 1 year, or both.

(b) In the case of a second or subsequent offense, a misdemeanor punishable by a fine of not less than $5,000.00 or more than $25,000.00, or imprisonment for not more than 2 years, or both.

(c) In the case of an offense that causes death or serious injury, a felony punishable by a fine of not less than $5,000.00 or more than

---

[6]MICH. COMP. LAWS § 339.2403 lists nine instances in which a person may perform work as a residential builder or a residential maintenance and alteration contractor without a license.

5

$25,000.00, or imprisonment for not more than 4 years, or both.
MICH. COMP. LAWS § 339.601(6).

Like Lea, some residential contractors flout the licensing laws. Licensure is a fairly rigorous process. *See* MICH. COMP. LAWS §§339.2404 and 339.2404.amended (requiring an applicant to submit evidence of good moral character and pass an examination); MICH. COMP. LAWS § 339.2404b (beginning June 1, 2008, requiring any applicant to successfully complete 60 hours of prelicensure courses). And licensed contractors are subject to an administrative complaint procedure. MICH. COMP. LAWS § 339.2411.

Limited liability companies can also apply for a license. However, they must designate an officer, partner, member, or managing agent as a qualifying officer. "A qualifying officer who takes and passes the examination and meets all other requirements of this article is entitled to a license to act for the . . . limited liability company[.] A qualifying officer shall also obtain and maintain a license under this article as an individual." MICH. COMP. LAWS § 339.2405(1). G&H did not undertake this process.

One of the benefits of possessing a state license is the ability to sue–and obtain money judgments–for unpaid contract work; unlicensed contractors are prohibited from filing suit. MICH. COMP. LAWS § 339.2412(1):

> A person or qualifying officer for a corporation or member of a residential builder or residential maintenance and alteration contractor *shall not bring or maintain an action in a court of this state for the collection of compensation* for the performance of an act or contract for which a license is required by this article *without alleging and proving that the person was*

*licensed* under this article during the performance of the act or contract.

(Emphasis added). *See also Epps v. 4 Quarters Restoration LLC*, 498 Mich. 518, 529 (2015) ("MCL 339.2412(1) prohibits an unlicensed builder from 'bring[ing] or maintain[ing] an action [in a court of this state] for the collection of compensation[.]'")

Licensed contractors are also allowed to impose liens on real property to secure payment–unlicensed contractors are not. MICH. COMP. LAWS § 339.2412(3).

### 2. G&H's State Court Lawsuit and Adversary Proceeding

On its face, G&H's state court lawsuit seeking payment for compensation appears unlawful. G&H could not–and did not–allege in its complaint that it was licensed: Lea was not a licensed contractor, and G&H was not a licensed company. It also does not appear that G&H or Lea disclosed their unlicensed status to the state court before entry of the consent judgment.

Despite the apparent illegality of its state court lawsuit, this Court agrees with G&H that its adversary proceeding was still proper for two reasons: (1) it did not request a money judgment; and (2) the bankruptcy court is not a "court of this state." Michigan law does not preclude G&H from seeking payment from a homeowner, only filing suit to collect that payment. *Epps*, 498 Mich. at 529-30. But the adversary proceeding did not simply conclude in a determination that the debt was nondischargeable.[7] Debtor–without

---

[7]A determination of nondischargeability would, for example, allow G&H to continue to demand payment from Debtor post-bankruptcy–even if it could not sue her if she ignored the demand.

knowing Lea and G&H were unlicensed–consented to a money judgment. She now moves to set it aside based on G&H's fraud or misconduct.

### 3. Federal Rule of Civil Procedure 60(b)(3)

Federal Rule of Civil Procedure 60(b)(3) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). The decision to grant relief under Rule 60(b)(3) is within the Court's discretion. *See Vande Ryt v. Peace (In re Peace)*, 581 B.R. 856, 863 (B.A.P. 6th Cir. 2018) (finding the bankruptcy court acted within its discretion in ruling on the Rule 60(b) motion).

For purposes of evaluating Rule 60(b)(3) motions, "fraud" is defined as "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 456 (6th Cir. 2008). It includes "deliberate omissions when a response is required by law or when the non-moving party has volunteered information that would be misleading without the omitted material." *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *6 (6th Cir. Sept. 17, 1996). Rule 60(b) relief is not available "to remedy misconduct known to the movant before judgment entered." *Thurmond v. Wayne Cnty. Sheriff Dep't*, 564 F.App'x 823, 830 (6th Cir. 2014) (citing *Jones v. Illinois Cent. R.R. Co.*, 617 F.3d 843, 851-52 (6th Cir. 2010)).

Because public policy favors the finality of judgments, Debtor has the burden of

establishing fraud by clear and convincing evidence. *Info-Hold, Inc.*, 538 F.3d at 454. She must show that "the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding question." *Jordan*, 1996 WL 528950, at *6.

G&H argues Debtor knew it was unlicensed before she entered into the consent judgment: Debtor was represented by counsel during the negotiation of the judgment, she was required to obtain the permits for the restoration work because Lea told her he was unlicensed, and the parties were friends. Because Debtor disagreed, the Court set the matter for an evidentiary hearing to resolve the disputed facts. Lea did not appear. Debtor appeared and testified credibly.

The Court finds Lea told Debtor he was licensed, knowing he was not. Based on this misrepresentation, and G&H's placement of a lien on her home, Debtor reasonably believed G&H's state court lawsuit was proper. Facing mounting pressure from G&H's questionable actions, Debtor agreed to a judgment for *more* than G&H was owed. It was not until *after* entry of the consent judgment that Debtor's recently retained lawyer in the state court proceeding discovered that Lea and G&H were unlicensed.

G&H obtained the consent judgment through fraud and misconduct, then used it as a sword in state court to circumvent Michigan law–which clearly prohibits unlicensed contractors from obtaining money judgments for unpaid work. These intentional acts impacted the fairness of the legal proceedings that culminated in entry of the consent judgment. Debtor has satisfied her burden. The consent judgment is set aside under Rule

9

60(b)(3).[8]

### B. G&H's Motion for Sanctions

At the hearing on February 25, 2019, Debtor's counsel indicated that G&H told U.S. Bank–Debtor's mortgage company–that it was licensed. Debtor said G&H submitted documents to U.S. Bank indicating it was licensed. According to G&H, it is entitled to sanctions because no such documents exist. It also argues that sanctions must be imposed because Debtor's motion to set aside the consent judgment is frivolous.

G&H relies on Federal Rules of Civil Procedure 11(b):

By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

---

[8]This bankruptcy court, of course, leaves the state court to determine the continuing propriety of its judgment.

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Debtor prevailed on her motion to vacate the consent judgment; therefore, it was not frivolous. Having carefully considered the matter, the Court further declines to impose any sanctions against Debtor or her counsel for any alleged misrepresentations made during oral argument.

## IV. CONCLUSION

For the above-stated reasons, the Court **GRANTS** Debtor's motion to vacate the consent judgment, and **DENIES** G&H's request for sanctions. The adversary proceeding may proceed to trial on the issue of dischargeability only. Debtor must file an answer to G&H's complaint on or before *May 17, 2019*.

**Signed on April 26, 2019**



/s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge